PIETRI ET AL., APPELLANTS, *v.* THE REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Partition.

No. 221.—Decided July 8, 1915.

JUDICIAL PROCEEDINGS—RECORD OF TITLE—JURISDICTION.—When judicial proceedings are presented in the registry for record the appellant must show that the court had jurisdiction and that all the necessary parties appeared before it in the said proceedings.

WILL—RECORD OF TITLE—PRESUMPTION.—When a will orders a particular thing to be done, any party claiming recordable rights thereunder must show to the registrar that all the positive requirements of such will have been followed and not leave the same open to presumption.

AFFIDAVIT—PUBLIC DOCUMENT.—An affidavit is not a public document of the kind required by the Mortgage Law.

PARTITION—RECORD OF TITLE—DESCRIPTION OF PROPERTY.—Allusions in a deed of partition even to records in the registry are not sufficient to comply with section 30 of the Mortgage Law requiring property to be described in the deed itself.

The facts are stated in the opinion.

*Messrs. José Tous Soto* and *Manuel Tous Soto* for the appellants.

Mr. Rafael B. Sama, the registrar, appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

The note of the registrar in this case was substantially as follows:

"A project of partition accompanied by other papers being presented, the record of such partition is refused because of the defects of not describing in the deed the urban lots of one of which the record is sought, an affidavit not being the legal way of adding to a public document; of not having carried out the wishes of the testator that the partition proceedings should take place extrajudicially with the intervention of the heirs residing in France for themselves or by an attorney in fact, and the minors by their parents having the fatherly power or by a guardian in case conflicting interests arise."

In this case it appears that the commissioners (*contadores partidores*) named by the testator refused to accept their office and another commissioner was named by the court. The registrar explains with regard to the second defect of his note that he was not alluding to the failure of the testamentary commissioners to perform their office, nor to the naming of a commissioner by the court, nor yet to the fact that judicial recourse must be had when some of the heirs are minors, but he insists that the partition deed should allow the actual intervention of the heirs in France. The appellants point out that in the case before us not only was a judicial commissioner named and the rights of the minors protected by a judicial proceeding, but that there exists a judgment of the court approving the partition; that as there was a judicial proceeding of partition and a judgment approving the same, a presumption would arise, both of the regularity of the proceedings and that the law had been followed and hence that all the heirs had been heard or given an opportunity to be heard. The judgment in question recites in effect that upon the petition of the heirs, José Pietri y Pietri and Felipe Pietri y Pietri, the court named a commissioner; that the commissioner had made his report and presented a project of inventory, appraisal, liquidation and division; that the said heirs prayed that the said report be approved; that from the proofs it appeared that there was a just division among the heirs, the wishes of the testator and the rights of all the interested parties respected, and

therefore the court approved the report and ordered the division in conformity thereto. The proceedings at the trial were not presented in the registry. We shall not at this time discuss what are all the presumptions that flow from a judgment and how far the registrar of property is bound by such presumptions. In the case of *Ortiz* v. *The Registrar of Guayama,* 22 P. R. R., 316, we held that the jurisdiction of the court must be shown. Similarly, it must be shown that the court had all the parties before it in order to give it jurisdiction to render the particular judgment it renders. Be that as it may, we think that when a will orders a particular thing to be done, any party claiming recordable rights thereunder must show to the registrar that all the positive requirements of such will have been followed and not demand that the registrar indulge in presumptions. In the judgment before us only two of the heirs are named, the citation or presence of other adult heirs is not shown, nor is there any showing in such judgment as to the steps taken to protect the interests of the minors. We do not mean to decide at this time that a judgment is invalid or subject to attack for lack of these particulars, but we think that when the parties want to rely on a muniment of title as against third persons, the judgment to be recorded in the registry should state such particulars.

As against the first defect named by the registrar, namely, the lack of description of one of the pieces of property, the appellants maintain that the registrar·had under his consideration and within the same partition deed some elements to identify the lot and that in the affidavit accompanying the deed the description is complete. We have decided in the cases of *Delgado* v. *The Registrar of Caguas,* 22 P. R. R., 117, and *Hernández* v. *Rosado et al.,* 22 P. R. R., 360, that an affidavit is not a public document of the kind required by the mortgage law. Hence, the case of *Méndez* v. *Registrar of Caguas,* 18 P. R. R., 781, is not applicable. That case

only decided that if from the writing accompanying the deed the description was perfected, the deed would be recordable, but the opinion presupposed that such accompanying writing was in due form. Without such affidavits, allusions in a deed of partition even to records in the registry are not sufficient to comply with section 30 of the Mortgage Law requiring property to be described in the deed itself. The registrar shows that the description may have varied or the lot divided, and it is sufficient to say that the provisions of said section 30 should be followed.

The note must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.